UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-140-PEP

PATRICIA EDWARDS,                                                                PLAINTIFF,


V.                                    **MEMORANDUM OPINION**
                                              **AND ORDER**


JO ANNE B. BARNHART,
Commissioner of Social Security,                                    DEFENDANT.



## I.  INTRODUCTION

Plaintiff, Patricia Edwards, has brought this action under 42 U.S.C. § 405(g) to

challenge a final decision of the Defendant Commissioner denying Plaintiff's

application for supplemental security income.  This matter has been referred to the

undersigned for decision and entry of final judgment by virtue of the parties' consent

pursuant to 28 U.S.C. § 636(c)(1).  Now ripe for decision on the parties' motions for

summary judgment, and for the reasons set forth herein, Plaintiff's motion for

summary judgment shall be denied, Defendant Commissioner's motion for summary

judgment shall be granted, and Judgment shall be entered affirming the final decision

of the Defendant Commissioner.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income on February 6, 2003.[1]   (Tr. 52-59.)   The claim was denied initially and on reconsideration. (Tr. 34-37, 39-41.) At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge James D. Kemper Jr. (hereinafter "ALJ"), was conducted on May 19, 2004.  (Tr. 177-196.)  Plaintiff, accompanied by her attorney, testified at the hearing.  (Id.)  Also testifying was vocational expert Leah P. Salyers (hereinafter "VE").  (Id.) On June 18, 2004, the ALJ issued an adverse administrative decision. (Tr. 11-22.)  The ALJ found that Plaintiff was not disabled and therefore did not qualify for supplemental security income.  (Id.)  The Appeals Council declined to review the ALJ's decision (Tr. 3-5) and Plaintiff now seeks judicial review.

Plaintiff was fifty-three years old at the time of the administrative decision.  (Tr. 19.) Plaintiff's education is limited to the eighth grade.  (Tr. 69.)  In addition, Plaintiff lacks any type of employment experience.  (Tr. 102.)

At the first step of the sequential evaluation process, see generally 20 C.F.R. § 416.920, the ALJ found that Plaintiff had not engaged in substantial gainful activity

---

[1] Plaintiff filed two previous applications for supplemental security income.  Plaintiff's March 1996 application was denied at the Administrative Law Judge level and no further appeal was taken.   Plaintiff's October 1999 application was denied initially by the Social Security Administration and no appeal was taken.  (Tr. 14.)  In addition, Plaintiff's current application was filed under the name Patricia Ann Fitzpatrick as a joint application with her former spouse John D. Fitzpatrick.  (Tr. 52-59.)  On August 4, 2003, Plaintiff secured a divorce from John D. Fitzpatrick and thereby re-assumed her maiden name of Patricia Edwards.  (Tr. 49-51.)

since November 15, 2002, the alleged onset date of disability.  (Tr. 21.)  At the second

step, the ALJ found that Plaintiff's acute cervical and lumbar strains with degenerative

disc disease of the lumbar spine were severe impairments within the meaning of the

Regulations, see 20 C.F.R. § 416.920(c).  (Tr. 21.)  However, the ALJ found that

Plaintiff's mental health problems were non-severe, see 20 C.F.R. § 416.921. (Tr. 16.)

At the third step, the ALJ found that Plaintiff's medically determinable impairment

did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R.

pt. 404, subpt. P, app. 1.  (Tr. 21.)  At the fourth step, the ALJ found that Plaintiff had

no past relevant work, see 20 C.F.R. § 416.965(a).  (Tr. 21.)

At the fifth and final step, relying on the testimony of the VE and taking into

consideration the Plaintiff's age, educational background, past relevant work

experience, and residual functional capacity (hereinafter "RFC")[2], the ALJ found that

Plaintiff was capable of performing work existing in substantial numbers in the

---

[2] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability.  20 C.F.R. § 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001).  In the instant case, the ALJ assessed the following RFC:

> [Plaintiff] has the following residual functional capacity: to lift and/or carry up to fifty pounds occasionally and twenty-five pounds frequently.  [Plaintiff] is limited to only occasional pushing/pulling with the left upper and lower extremities. [Plaintiff] should only occasionally climb, stoop, crouch, and crawl, and should avoid exposure to extreme cold and vibration.

(Tr. 21.)

national economy.[3]  (Tr. 19-21.)  Accordingly, the ALJ found Plaintiff not disabled

at step five of the sequential evaluation process.  See 20 C.F.R. § 416.920(g).

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on April 15, 2005.  (Tr. 3-5.)

Plaintiff thereafter filed this action.  By virtue of the parties' stipulations of consent

(Record No. 6), this matter is before the undersigned for decision upon the parties'

motions for summary judgment (Record Nos. 11 and 12), which are now ripe for

review.

### III. ANALYSIS

#### A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding

Plaintiff not disabled is supported by substantial evidence.  42 U.S.C. § 405(g);

Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of

---

[3] Although not per se required, the testimony of a VE is the preferred method of supporting a finding that a claimant is capable of making an adjustment to work found in substantial numbers in the national economy.  See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978).  In the instant case, the VE identified product packager (100,000 jobs nationally and 7,000 jobs in the region of Kentucky, Ohio, and West Virginia), food service and kitchen helper (95,000 nationally and 5,000 regionally), laundry worker (9,000 nationally and 3,200 regionally), product grader and sorter (85,000 nationally and 3,800 regionally), filling machine operator (80,000 nationally and 2,200 regionally), and assembler (95,000 nationally and 3,200 regionally) as jobs that an individual of Plaintiff's age, educational background, work history, and assumed limitations could perform.  (Tr. 193-194.)

Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial

evidence is "such evidence as a reasonable mind shall accept as adequate to support

a conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d

383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely

because substantial evidence exists in the record to support a different conclusion.

"Substantial evidence exists when a reasonable mind could accept the evidence as

adequate to support the challenged conclusion, even if that evidence could support a

decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230,

1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th

Cir. 1999). The substantial evidence standard presupposes that there is a "zone of

choice" within which the Commissioner may proceed without interference from the

courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's

decision is supported by substantial evidence, a reviewing court must affirm. Kirk v.

Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461

U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076

(6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts

in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health &

Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825

F.2d 98, 100 (6th Cir.1987)).

    B.  Plaintiff's Contentions on Appeal and Analysis

    Plaintiff's sole claim of error is that, in violation of 20 C.F.R. § 416.913(d)(4),

the ALJ failed to specifically state that he considered, as part of the disability

determination, the third party function report completed by Plaintiff's daughter, Beth

Houston.  In that report, Ms. Houston reported, among other things, the following

regarding plaintiff's limitations:  "Lifting – Can lift a gallon of milk without hurting.

Sitting up and down stairs hurt[s] her.  Squatting hurts, kneeling hard to get back up.

Bending hurt[s] real bad.  Standing up and down, reaching hurts back.  Walking can

walk long has to sit.  Completing tasks kid have to finish."  (Tr. 91.)

    20 C.F.R. § 416.913, the Regulation governing medical and other evidence of

impairments, supplies an expansive approach with regard to the type of evidence that

and ALJ may consider in a disability determination.  The Regulation provides that in

addition to evidence from an acceptable medical source[4], an ALJ many consider other

sources for purposes of determining the severity of an impairment and its impact on

a claimant's ability to work.  20 C.F.R. § 416.913(d).  The Regulation includes an

---

[4] Acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists.  20 C.F.R. § 416.913(a).

extensive list of individuals qualifying as other sources: nurse-practitioners, physician's assistants, naturopaths, chiropractors, audiologists, therapists, school teachers, counselors, early intervention team members, developmental center workers, daycare center workers, public and private social welfare agency personnel, spouses, parents, caregivers, siblings, other relatives, friends, neighbors, and clergy. Id. It is apparent from the breadth of the Regulation that an ALJ has wide latitude to consider evidence from a variety of sources in determining whether a claimant is disabled.

Although 20 C.F.R. § 416.913(d) provides that an ALJ may consider evidence from a wide variety of sources other than acceptable medical sources, the Regulation does not mandate that the ALJ specifically discuss such evidence or that the ALJ make an explicit statement that such evidence was considered in the disability determination. Generally, in a Social Security disability benefits case, an ALJ need not discuss every piece of evidence in the record for the decision to stand. Thacker v. Comm'r of Soc. Sec., 2004 U.S. App. LEXIS 10277 at *9 (6th Cir. May 21, 2004); Barlow v. Sullivan, 1991 U.S. App. LEXIS 4121 at *16 (6th Cir. Mar. 7, 1991); see also Allison v. Comm'r of Soc. Sec., 1997 U.S. App. LEXIS 4483 at *9 (6th Cir. Mar. 6, 1997). However, the Sixth Circuit has held that perceptible weight must be afforded to lay testimony where it is fully supported by the medical evidence. Lashley v. Sec'y of Health & Human Servs., 708 F.2d 1048, 1054 (6th Cir. 1983); see also

7

Stamper v. Harris, 650 F.2d 108, 111 (6th Cir. 1981); Allen v. Califano, 613 F.2d 139,

145 (6th Cir. 1980).[5]

The instant case is factually similar to Higgs v. Bowen, 880 F.2d 860 (6th Cir.

1988).  In Higgs, the Sixth Circuit held that it was not error for the Appeals Council,

in reversing the decision of an ALJ to grant benefits, to fail to spell out in its opinion

the weight it attached to the testimony of the claimant and her husband.  Id. at 864.

In the judgment of the Court, an all-encompassing statement by the Appeals Council

that it considered the entire administrative record was sufficient.  Id.

Similar to the claimant in Higgs, Plaintiff argues that the ALJ's decision should

have made it clear that Houston's third party function report was considered in the

disability determination.  Similar to the Appeals Council in Higgs, the ALJ in the

instant case included in his decision the following all-encompassing statement: "Upon

review of all the evidence of record, the undersigned Administrative Law Judge

concludes the claimant is not disabled within the meaning of the Social Security Act."

(Tr. 15.)  Therefore, in accordance with Higgs, it was not error for the ALJ in the

instant case to omit specific reference to Houston's third party function report.  See

---

[5] It should be noted that statements contained in third party function reports are not testimony received during an administrative hearing.  However, some similarity exists in that individuals supplying the information contained in a third party function report must declare under the penalty of perjury that the information provided is true and correct to the best of the individual's knowledge. (See Tr. 94.)

Dunlap v. Barnhart, 2004 U.S. Dist. LEXIS 6343 at *28-30 (W.D. Tenn. Mar. 15, 2004).

Plaintiff argues that Higgs is not controlling because it was decided before the July 3, 2000 revision to the social security and supplemental security income disability Regulations regarding sources of evidence for establishing the existence of a medically determinable impairment.   With regard to revisions to 20 C.F.R. § 416.913, the Social Security Administration explained as follows:

> We are redesignating prior paragraph (e) of [20 C.F.R. § 416.913], "Information from other sources," as paragraph (d). Our intent in switching the positions of these two paragraphs is to make it clearer that, when we decide whether the evidence in a case is complete enough for a determination, we consider all the evidence in the case record, including the medical evidence from acceptable medical sources identified in paragraph (a), information from the individual, and any evidence that may have been provided by other sources, such as those identified in final paragraph (d).

65 Fed. Reg. 34950, 34952 (June 1, 2000).  The explanation to the revision does make clear that once the evidence is deemed complete, the ALJ must consider the entire record, including evidence from non-medical sources such as third-party function reports.  The explanation does not, however, demonstrate an intent that 20 C.F.R. § 416.913(d) be interpreted as mandating an ALJ to discuss every piece of non-medical source evidence found in the record.  Thus, the subsequent revisions of 20 C.F.R. 416.913 does not alter the precedential value of Higgs.

Furthermore, even if Ms. Houston's third party function report is accorded the same status as lay testimony, the Sixth Circuit requires an ALJ to afford perceptible weight to lay testimony, or in this case a third party statement, only where it is fully supported by the medical evidence.  See Lashley, 708 F.2d at 1054; see also Stamper, 650 F.2d at 11; Allen, 613 F.2d at 145.  In her memorandum in support of her motion for summary judgment, Plaintiff does not attempt to demonstrate that the statements contained in Ms. Houston's third party function report are fully supported by the medical evidence.

## IV.  CONCLUSION

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69.  In the instant case, substantial evidence in the record supports the ALJ finding that consistent with Plaintiff's vocational factors and RFC, there exists a substantial numbers of jobs in the national economy that Plaintiff could perform.  The fact that some of the evidence in the record may support a contrary conclusion is insufficient grounds for reversal.  See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90.  Furthermore, the ALJ was not required to specifically refer to Houston's third party function report.  Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1)     Defendant Commissioner's motion for summary judgment (Record No. 12) is hereby GRANTED.

(2)     Plaintiff's motion for summary judgment (Record No. 11) is hereby DENIED.

(3)     Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the Court's docket.

Signed January 12, 2006.

Signed By:

**Peggy E. Patterson** PEP

United States Magistrate Judge

Date of Entry and Service: